**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------X      **Case No.  18-CV-1644**
DENISE PHILLIP,

                        Plaintiff,            **COMPLAINT**

             - against -

                                       **PLAINTIFF DEMANDS**
ALTICE USA, INC., and PATRICIA TURTELL,      **A TRIAL BY JURY**
*Individually*,

                        Defendants.
---------------------------------------------------------------------------X

     Plaintiff, DENISE PHILLIP, by her attorneys, LAW OFFICE OF YURIY MOSHES,

P.C., hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff complains pursuant to the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. §

     12101, *et seq*. ("ADA") and the <u>New York City Human Rights Law</u>, New York City

     Administrative Code § 8-502(a), *et. seq.* ("NYCHRL")*,* and seeks damages to redress the

     injuries Plaintiff has suffered as a result of being **Denied a Reasonable**

     **Accommodation**, **Discriminated against,** and **Terminated** by her employer solely due

     to her **Disability (Chronic Laryngitis and Vocal Nodules)** and in **Retaliation** for

     requesting a reasonable accommodation.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 42 U.S.C. §12101 *et. seq*., and 28 U.S.C. §§

     1331 and 1343.

3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

law pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants reside

within the Southern District of New York, and the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5.      Plaintiff filed charges of discrimination upon which this Complaint is based with the

Equal Employment Opportunities Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC, dated December 1, 2017, with

respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.      This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.      That at all times relevant hereto, Plaintiff DENISE PHILLIP ("PHILLIP") was a resident

of the State of New York and the County of Bronx.

9.      That at all times relevant hereto, Defendant ALTICE USA, INC. ("ALTICE") was and is

foreign business corporation, duly existing pursuant to, and by virtue of, the laws of the

State of Delaware, with its principal place of business located at 1111 Stewart Avenue,

Bethpage, New York 11714.

10.     That at all times relevant hereto, Plaintiff PHILLIP was a full-time employee of

Defendant ALTICE.

11.     That at all times relevant hereto, Plaintiff PHILLIP worked at Defendant ALTICE's office

located at 2100 Bartow Avenue, Bronx, New York 10475 ("Bronx Office").

12.     That at all times relevant hereto, Defendant PATRICIA TURTELL ("TURTELL") was an

employee of Defendant ALTICE, holding the position of "Disability Specialist."

13.   That at all times relevant hereto, Defendant TURTELL was Plaintiff PHILLIP's supervisor and/or had supervisory authority over Plaintiff PHILLIP.

14.   That at all times relevant hereto, Defendant ALTICE and Defendant TURTELL are collectively referred to herein as "Defendants."

## **MATERIAL FACTS**

15.   On or about March 23, 1998, Plaintiff PHILLIP began working for Defendants as a "Customer Service Representative" in Defendants' Bronx Office, earning approximately $9.20 per hour.

16.   As a "Customer Service Representative," Plaintiff PHILLIP was responsible for resolving customer billing inquiries, disputes, payments, change of service requests, and general technical questions through the phone, internet chat, and email.

17.   Throughout Plaintiff PHILLIP's employment, Plaintiff PHILLIP was an exemplary employee, was never disciplined, and always received compliments for her work performance.

18.   In fact, in or around 2000, as a result of Plaintiff PHILLIP's excellent work performance, Defendants promoted Plaintiff PHILLIP to the position of "Customer Service Team Leader."

19.   As a "Customer Service Team Leader," Plaintiff PHILLIP was also responsible for responding via internet chat and email to all inquiries and questions from other "Customer Service Representatives."   Each week, Defendants distributed a rotating schedule whereby each "Customer Service Team Leader" was essentially on-call for approximately nine (9) hours each week during which they were responsible for

responding to all inquires via internet chat from "Customer Service Representatives."

20. Furthermore, throughout Plaintiff PHILLIP's employment, she also received numerous raises in pay, ultimately earning approximately $33.00 per hour.

21. However, everything changed when Plaintiff PHILLIP was diagnosed with chronic laryngitis and vocal nodules and requested a reasonable accommodation for this disability.

22. While Plaintiff PHILLIP requested a reasonable accommodation for this disability, Defendants not only wholly refused to provide Plaintiff PHILLIP with any accommodation but also terminated Plaintiff PHILLIP's employment solely due to her disability and in retaliation for requesting an accommodation.

23. By way of background, from on or about June 29, 2016 through September 21, 2016, Plaintiff PHILLIP was out on an approved medical leave of absence pursuant to the Family and Medical Leave Act ("FMLA") due to chronic laryngitis and vocal nodules.

24. On or about September 21, 2016, in anticipation of her return, Plaintiff PHILLIP called Defendant TURTELL to inform her that she would need an accommodation for her disability upon her return to work.  In response, Defendant TURTELL told Plaintiff PHILLIP that she would send her an "Accommodation Medical Assessment Form" that needed to be completed by her doctor and returned to Defendants.

25. On or about October 5, 2016, Plaintiff PHILLIP provided Defendant TURTELL with the completed "Accommodation Medical Assessment Form" on which her doctor, Alan F. Cohen, M.D., requested that Plaintiff PHILLIP be able to return to work without telephone interaction/voice work until Plaintiff PHILLIP's voice heals, as a reasonable accommodation for her disability.  Plaintiff PHILLIP knew that temporarily not using the

4

telephone posed no undue burden to Defendants, as Plaintiff PHILLIP was fully able to perform the essential functions of her job through the use of internet chat and email, without ever having to speak on the telephone.  Furthermore, rather than rotate the "internet chat" duties to all the "Team Leaders," Plaintiff PHILLIP knew that she could instead take on the role full time until her voice heals.

26.   However, on or about October 19, 2016, Defendant TURTELL called Plaintiff PHILLIP and strangely informed her that Defendants could not provide Plaintiff PHILLIP with an additional six (6) months of medical leave.   Rather confused, Plaintiff PHILLIP immediately reiterated that pursuant to the form filled out by her doctor, Alan F. Cohen, M.D., on October 5, 2016, she was and remains fully able to return to work immediately with an accommodation.  Defendant TURTELL seemed perplexed by Plaintiff PHILLIP's assertion and agreed to speak with Eric Hoffman, Defendants' Human Resources Manager-Generalist, about Plaintiff PHILLIP returning to the "Customer Service Team Leader" position with an accommodation.  As a result, Defendants forced Plaintiff PHILLIP to stay out of work on a medical leave of absence.

27.   Although it appeared Defendants did not want to provide her with an accommodation, Plaintiff PHILLIP did not lose hope and waited patiently for Defendants to contact her with an update.

28.   However, on or about November 3, 2016, without ever engaging in the interactive process to try and determine an appropriate accommodation, Defendant TURTELL and Eric Hoffman instead called Plaintiff PHILLIP, denied her accommodation request in whole, and **terminated her employment, effective November 30, 2016**.

29.   Feeling distraught and having nothing to lose, on or about November 3, 2016, Plaintiff

PHILLIP sent an email to Defendant TURTELL in which she stated, "My doctor had requested an accommodation since I was not ready to return to voice work.  I am willing to return with accommodations just no voice work."  Plaintiff PHILLIP never received any response to this email.

30.     As such, still eager to return to work, on or about November 5, 2016, Plaintiff PHILLIP called Defendant TURTELL and again pleaded with her to at least try and find an accommodation for her instead of terminating her employment.  Shockingly, Defendant TURTELL requested another doctor's note from Plaintiff PHILLIP containing the specific job functions that she was unable to perform.  When Plaintiff PHILLIP explained that she had already submitted that to Defendants on October 5, 2016, Defendant TURTELL again said that she would have to speak to Eric Hoffman.  This was when Plaintiff PHILLIP realized that Defendants were playing games with her and never had any intention of actually trying to work with her to determine an appropriate accommodation so that Plaintiff PHILLIP could return to her job.

31.     On or about November 17, 2016, since she never heard back from Defendants, Plaintiff PHILLIP called Defendant TURTELL and again requested that she be able to temporarily assume all the "internet chat" duties and at least perform that role full time until her voice heals.   Now, for the first time, Defendant TURTELL told Plaintiff PHILLIP that Defendants could not provide her with this accommodation because "there's no job title for that."

32.     It was clear to Plaintiff PHILLIP that Defendants were unwilling to work with her to explore possible alternative accommodations and continued to insist that she could not return to work until she was able to perform her job without any accommodation.

33.     Two (2) weeks later, on or about November 30, 2016, Eric Hoffman sent Plaintiff
PHILLIP a letter stating, "You have advised the Company that as of November 17, 2016,
you are currently unable to return to your existing position as a [Customer Service Team
Leader] indefinitely **with** or without **a reasonable accommodation**.  As such, we will
provide you with limited additional leave time to explore whether you are qualified and
currently able (or will be able in the immediate future) to perform any alternative
positions at Altice with or without reasonable accommodations (to the extent that such
accommodations do not pose an undue hardship to the Company). ..." (emphasis added).

34.     Plaintiff PHILLIP was extremely troubled to receive this letter since she never once told
Defendants that she was unable to return to her existing position **with a reasonable**
**accommodation**.   In fact, for over two (2) months, she had been pleading with
Defendants to allow her to return to her same position she had held before her leave
(Customer Service Team Leader) with a minor accommodation (no telephone use).

35.     As such, on or about December 3, 2016, Plaintiff PHILLIP emailed Eric Hoffman to
correct the record and reiterate that she can "return to my position with an
accommodation."

36.     On or about December 6, 2016, Eric Hoffman responded and asked "Have you or your
doctor provided documentation that indicates you can return to your role as a lead and
what the accommodation is that you need?  If not, please do so, so that we can review
accordingly."   Plaintiff PHILLIP was flabbergasted that Defendants had the audacity to
again request a doctor's note to corroborate her need for an accommodation – something
she had already provided to them over two (2) months earlier and which Defendants had
already denied.

37. Accordingly, on or about December 6, 2016, Plaintiff PHILLIP replied and stated, "The request for me to return to work with an accommodation was done in October but the response was, it was not a reasonable accommodation."

38. Nonetheless, still trying to cooperate with Defendants, on or about December 13, 2016, Plaintiff PHILLIP sent an email to Eric Hoffman to which she attached yet another letter from her doctor, Alan F. Cohen, M.D., stating, "[Plaintiff PHILLIP] was seen again in my office today, and is under my care for chronic laryngitis and vocal nodules, and needs to continue on complete voice rest. She may work in a situation that does not require using her voice either in person or on the telephone. At this point, she needs to extend the period of voice rest through March 1, 2017 after which she should undergo follow-up evaluation. She is currently undergoing voice therapy."

39. Soon after receiving this letter, also on or about December 13, 2016, Eric Hoffman called Plaintiff PHILLIP to inform her that Defendants still could not provide her with any accommodation and to advise her that she could not return to work until she was able to return to full duty without any accommodations. Plaintiff PHILLIP was absolutely distraught that, without providing any valid reason or justification, Defendants were simply refusing to provide her with an accommodation for her disability.

40. **While Plaintiff PHILLIP's request could have easily been accommodated, Defendants wholly refused to accommodate Plaintiff PHILLIP's disability and instead terminated her employment.**

41. Based on Defendants' discriminatory treatment of Plaintiff PHILLIP, as well as the aforementioned suspicious actions, it is clear that Defendants discriminated against, failed to provide an accommodation to, and terminated the employment of, Plaintiff PHILLIP

solely due to her disability and in retaliation for requesting a reasonable accommodation for her disability.

42.   Defendants arbitrarily refused to grant Plaintiff PHILLIP this reasonable accommodation, even though it would have posed **no undue burden** to them.

43.   It is very clear that Defendants arbitrarily and unlawfully refused to accommodate Plaintiff PHILLIP's disability as requested by her doctor.

44.   Furthermore, Defendants never even attempted to engage in any interactive process to try and figure out the best way to accommodate Plaintiff PHILLIP's disability so that Plaintiff PHILLIP could continue her employment with Defendants.

45.   Rather than discussing possible alternative ways to accommodate Plaintiff PHILLIP's disability, Defendants figured it was easier to simply deny her request and terminate her employment.

46.   Plaintiff PHILLIP's disability is an impairment that substantially limit one or more of her major life activities within the meaning of §12102(1)(A) of the ADA, including but not limited to, talking.

47.   Plaintiff PHILLIP is a qualified individual who could have performed the essential functions of her employment with a reasonable accommodation as defined by §12111(8) of the ADA.

48.   Plaintiff PHILLIP felt offended, disturbed, and humiliated by the blatantly unlawful, discriminatory, and retaliatory termination.

49.   **But for the fact that Plaintiff PHILLIP was disabled and requested a reasonable accommodation for her disability, Defendants would not have terminated her employment.**

50.   Plaintiff PHILLIP's performance was, upon information and belief, above average during the course of her employment with Defendants.

51.   Plaintiff PHILLIP has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

52.   Defendants' actions and conduct were intentional and intended to harm Plaintiff PHILLIP.

53.   As a result of Defendants' actions, Plaintiff PHILLIP feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

54.   As a result of the acts and conduct complained of herein, Plaintiff PHILLIP has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff PHILLIP has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

55.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff PHILLIP demands Punitive Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not Against Individual Defendants)

56.   Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

57.   Plaintiff claims Defendant ALTICE violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United

States Code, beginning at section 12101.

58.     Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I,

Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity

shall discriminate against a qualified individual on the basis of disability in regard to job

application procedures, the hiring, advancement, or discharge of employees, employee

compensation, job training, and other terms, conditions, and privileges of employment."

59.     Defendant ALTICE engaged in an unlawful discriminatory practice by discriminating

against Plaintiff because of her disability and failing to provide an accommodation for her

disability.

60.     As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR RETALIATION
## UNDER THE AMERICANS WITH DISABILITIES ACT
## (Not Against Individual Defendants)

61.     Plaintiff repeats and realleges each and every paragraph above as if said paragraph was

more fully set forth herein at length.

62.     The ADA prohibits retaliation, interference, coercion, or intimidation.

63.     42 U.S.C. § 12203 provides:

    a)     Retaliation. No person shall discriminate against any individual because such
individual has opposed any act or practice made unlawful by this chapter or
because such individual made a charge, testified, assisted, or participated in any
manner in an investigation, proceeding, or hearing under this chapter.

    b)     Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate,
threaten, or interfere with any individual in the exercise or enjoyment of, or on
account of his or her having exercised or enjoyed, or on account of his or her
having aided or encouraged any other individual in the exercise or enjoyment of,
any right granted or protected by this chapter.

64.     Defendant ALTICE violated this section as set forth herein.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

65.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

66.    The New York City Administrative Code §8-107(1) provides that "It shall be an unlawful

discriminatory practice: (a) For an employer or an employee or agent thereof, because of

the actual or perceived age, race, creed, color, national origin, gender, disability, marital

status, sexual orientation or alienage or citizenship status of any person, to refuse to hire

or employ or to bar or to discharge from employment such person or to discriminate

against such person in compensation or in terms, conditions or privileges of

employment."

67.    Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(1)(a) by discriminating against Plaintiff because of her

disability.

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

68.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

69.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful

discriminatory practice: "For an employer . . . to discriminate against any person because

such person has opposed any practices forbidden under this chapter. . ."

70.    Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's

opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

71.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72.   The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

73.   Individual Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and retaliatory conduct.

## JURY DEMAND

74.   Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by the ADA and the NYCHRL, in that Defendants discriminated against Plaintiff on the basis of her disability, refused to provide her with an accommodation, and retaliated against Plaintiff for requesting an accommodation;

B.   Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses

13

suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
      February 22, 2018

**LAW OFFICE OF**
**YURIY MOSHES, P.C.**

By: _____

Alex Umansky (AU7961)
*Attorneys for Plaintiff*
322 West 48th Street, 6th Floor
New York, NY 10036
(718) 504-6090
aumansky@mosheslaw.com
