IH-32                                                                     Rev: 2014-1

# United States District Court
## for the
## Southern District of New York
### Related Case Statement

---

### Full Caption of Later Filed Case:

Denise Phillip

| Plaintiff | Case Number |
|---|---|
| vs. | 18-CV-01644 |
| Altice USA, Inc., and Patricia Turtell, Individually, | |
| Defendant | |

### Full Caption of Earlier Filed Case:
(including in bankruptcy appeals the relevant adversary proceeding)

Gail George

| Plaintiff | Case Number |
|---|---|
| vs. | 18-CV-00254 (RA) |
| Altice USA, Inc., and Patricia Turtell, Individually, | |
| Defendant | |

IH-32                                                                                                                                                              Rev: 2014-1

## Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open      (If so, set forth procedural status and summarize any court rulings.)

Amended Complaint filed on 2/7/2018. Defendants' Answer due by 3/12/2018. Initial Conference set for 3/16/2018 at 12:45 PM in Courtroom 1506, 40 Foley Square, New York, NY 10007 before Judge Ronnie Abrams.

## Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly filed case is extremely similar to the Amended Complaint filed in the earlier filed Case (George v. Altice). Both the newly filed case and the earlier filed case allege the same causes of action: (1) discrimination based on disability and failure to accommodate in violation of the Americans with Disabilities Act ("ADA") (against Altice) and the New York City Human Rights Law ("NYCHRL") (against Altice and Turtell); (2) retaliation under the ADA (against Altice) and NYCHRL (against Altice and Turtell); and (3) aiding and abetting liability under the NYCHRL (against Turtell). Both claims seek the same relief. Beyond asserting the same causes of action, the newly filed case and the earlier filed case assert nearly identical bases for the alleged violation.

Both cases meet each criteria for relatedness as set forth in Rule 13. First, both cases concern substantially similar parties - Altice and Turtell are the only named defendants in both cases. Second, both cases concern the same events and have substantially similar factual overlap. Both Plaintiffs held the same position during their employment with Altice, were employed during the same relevant time-period, worked out of the same call center, reported to many of the same supervisors and managers, requested similar accommodations around the same time, and allege the same discriminatory conduct. Both Plaintiffs are represented by the same counsel of record, Law Office of Yuriy Moshes, P.C., and both Plaintiffs have consented to the instant request to deem the cases related.

Lastly, without determination of relatedness, the parties could be subjected to substantial duplication of effort and expenses (depositions and document discovery). Given the substantial factual overlap, the identity of the parties and counsel, and the fact that many of the same documents and witnesses will be involved in both cases, a determination of relatedness will conserve judicial time, effort, and resources.

Signature: _/s/ Alex_                                                                                                 Date: **2/22/2018**

Firm:      Law Office of Yuriy Moshes, P.C.